IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HINES, JR., | ) |
| | ) Civil Action No. 07 - 1522 |
| Plaintiff, | ) District Judge Arthur J. Schwab |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) |
| BEAVER COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

### II. REPORT

Plaintiff, Charles Hines, has commenced this action under 42 U.S.C. § 1983 against the Beaver County Jail. For the reasons that follow, the Complaint should be dismissed because Plaintiff has not set forth any allegation upon which to base a claim of denial of access to courts.

#### A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A,

entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and the Defendant is a government entity. Moreover, he is proceeding IFP in this action (doc. no. 2). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under 28 U.S.C. § 1915A & 28 U.S.C. § 1915(e)(2)(B), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997). A

complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

B. Liability under 42 U.S.C. 1983

Plaintiff's Complaint seeks to assert liability against Defendant pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff alleges that Defendant has violated his right to access to the courts by failing to allow him access to the law library because he is confined in the Special Needs Unit. The right of access to the courts is guaranteed by the First Amendment of the United States Constitution. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828. However, in Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court effectively repudiated much of its prior holding in Bounds. In Lewis, the Supreme Court held that Bounds did not recognize an independent right in prisoners to have an adequate law library; instead, it concerned the established right of access to the courts.

3

Lewis 518 U.S. at 351. Thus, the Lewis Court held that, in order to successfully challenge a denial of this right of access to the courts, it is not enough for an inmate to establish that the law library provided was inadequate or he was denied access either to the law library or to legal materials; rather, he must establish that such inadequacies in the library or in accessing legal materials caused him actual harm.

In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court set forth specific criteria that a court must consider in determining whether a plaintiff has alleged a viable claim of right to access to the courts. Specifically, the Supreme Court held that, in order to state a claim for denial of access to courts, a party must identify all of the following in the complaint: 1) a non-frivolous, underlying claim: 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Christopher, 536 U.S. at 415.

The Court explained that the first requirement mandated that the plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure to the same degree as if the underlying claim was being pursued independently. Christopher, 536 U.S. at 417. In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the 'arguable' nature of the underlying claim is more than hope." *Id*. The second requirement requires a Plaintiff to clearly allege in the Complaint the official acts that frustrated the underlying litigation. Third, a Plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation. *Id*. at 414.

Here, Plaintiff has failed to identify any legal action he was unable to pursue as a

result of Defendant's alleged actions. Nor has he alleged a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Thus, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

January 16, 2008

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc.     The Honorable Arthur J. Schwab
        United States District Judge

        Charles Hines
        Beaver County Jail
        6000 Woodlawn Boulevard
        Aliquippa, PA 15001